UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANTONIO HARRIS** | **CIV. ACTION NO. 3:21-01332** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB BROWN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are the following motions: three compound motions to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, two filed by Defendant, Jacob Brown [doc. #s 19 & 46], and one by Defendant, Dakota DeMoss [doc. # 22]; plus a motion to dismiss for insufficient process and insufficient service of process filed by Defendant, George Harper [doc. # 24]. The motions are opposed. For reasons detailed below, it is recommended that the motions to dismiss be DENIED.

### Background

On May 19, 2021, Plaintiff, Antonio Harris ("Harris"), filed the instant civil rights complaint under 42 U.S.C. § 1983 against various law enforcement personnel and other entities to recover compensatory and punitive damages for injuries that he sustained on May 23, 2020, pursuant to a beating administered to him by several Louisiana State Police troopers following a traffic stop and vehicle chase, plus his post-arrest failure to receive adequate medical care at the Richland Parish Detention Center. (Compl.). Plaintiff initially sued the following law enforcement officers and agencies, the Louisiana State Police ("LSP"); LSP Trooper Jacob

Brown, in his individual capacity; LSP Trooper Dakota DeMoss, in his individual capacity; LSP Trooper George Harper, in his individual capacity; LSP Superintendent Lamar Davis, in his individual and official capacities; the Richland Parish Sheriff's Office ("RPSO"); the Richland Parish Detention Center ("RPDC"); and John Doe RPDC corrections officers, in their individual capacities. *Id*. Plaintiff asserted claims against LSP troopers Brown, DeMoss, and Harper under 42 U.S.C. § 1983 for excessive force under the Fourth Amendment. *Id*. He also alleged that the LSP troopers violated his Fourth and Fourteenth Amendment rights when they failed to render medical aid in response to both his cries for assistance and the visible injuries that he sustained from the beating. *Id*. He further asserted that each of the foregoing officers failed to intervene to prevent the excessive use of force upon him. *Id*.

Plaintiff also set forth state law claims for negligent training, hiring, and supervision against the LSP and LSP Superintendent Lamar Davis. *Id*. Curiously, however, Plaintiff requested special damages under federal common law and attorney's fees under 42 U.S.C. § 1988 for these state law tort claims. *See* Compl., ¶¶ 77-79.

Plaintiff next alleged claims under § 1983 against the RPSO, RPDC, and John Doe RPDC corrections officers for failure to provide adequate medical care in response to visible blood in his sputum, stool, and urine. *Id*. Finally, in addition to monetary damages, Plaintiff prayed for appointment of a receiver to ensure that LSP, RPSO, and RPDC employees receive proper training and supervision. *Id*.

In partial response to a motion to dismiss [doc. # 14] filed by Defendant, RPSO, Plaintiff filed a First Supplemental and Amended Complaint ("FSAC") on September 9, 2021. (FSAC [doc. # 44]). An "amended complaint supersedes the original complaint and renders it of no

2

legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, there is no indication that the supplemental and amended complaint adopted or referenced the earlier pleading. Therefore, the sole, operative complaint before the court is the FSAC. [doc. #44].

In the FSAC, Plaintiff effectively substituted: 1) the Department of Public Safety & Corrections ("DPSC") for the LSP; 2) Sheriff Gary Gilley, in his individual and official capacities, in lieu of the RPSO; 3) RPDC Warden Joel Weatherly, in his individual and official capacities, instead of the RPDC; and 4) Jane Doe and/or John Doe for the John Doe RPDC corrections officers. (FSAC, doc. #44). Plaintiff also fleshed out some of his allegations against Defendants. *Id*. Finally, Plaintiff added facts to support a claim of false imprisonment for his month-long detention at the RPDC, despite his repeated entreaties to Sheriff Gilley and Warden Weatherly explaining that there was no outstanding arrest warrant for his arrest. *Id*.

On May 20, 2021, the Clerk of Court issued summonses to Plaintiff, so he could serve Defendants. [doc. # 4]. As pertinent here, Plaintiff filed returns of service on June 30, 2021, for Defendants, George Harper, Dakota DeMoss, and Jacob Brown. [doc. #s 11-13]. According to the proofs of service, Harper was served at his residence by leaving the summons with his wife; DeMoss was served at his residence by leaving the summons with his mother; and Brown was served at 1811 Tower Drive, Monroe, Louisiana, via Janna Steele, who purportedly was designated to accept service on his behalf. *Id*.

On July 27, 2021, Jacob Brown filed the instant motion to dismiss for lack of personal jurisdiction because of insufficient process and/or service caused by Plaintiff's failure to request

3

service and to serve the Complaint and "citation" on Louisiana's Office of Risk Management ("LORM") and the Louisiana Attorney General ("AG") as required by Louisiana Revised Statute § 39:1538(D). (Brown's M/Dismiss [doc. # 19]). Brown emphasized that to perfect service against him in his capacity as an LSP trooper, Plaintiff also was obliged to serve the complaint and "citation" on the LORM and AG, which had not occurred. *Id*. Brown admitted that he was served on June 28, 2021. *See* M/Dismiss, Memo., pg. 1.

On August 2, 2021, Dakota DeMoss filed the instant motion to dismiss for lack of personal jurisdiction and/or insufficient process/service that parallels Brown's motion. (DeMoss's M/Dismiss [doc. # 22]). Like Brown, DeMoss argued that because Plaintiff sued him for his actions "as a duly certified law enforcement officer employed by the Louisiana State Police," Plaintiff was required to comply with the service requirements of Louisiana Revised Statute 39:1538(D), i.e., service on the LORM and the AG. *Id*.

On August 4, 2021, George Harper filed his own motion to dismiss for insufficient process and/or service on the now-familiar grounds that Plaintiff failed to request summonses and to serve the LORM and the AG, thereby depriving the court of jurisdiction over Harper. (Harper's M/Dismiss [doc. # 24]).

On August 13, 2021, Plaintiff filed returns of service showing that on August 11, 2021, he caused summonses for Brown, DeMoss, and Harper (and others) to be served upon LORM and the DA. [doc. #s 31, 34-35].

On August 17, 2021, Plaintiff filed a response to Brown's motion to dismiss wherein he urged the court to deny the motion because he had since cured the basis for the motion by serving the LORM and the AG. (Pl. Opposition [doc. # 36]). Plaintiff further noted that, in any

4

event, dismissal was not an available remedy for failure to comply with Louisiana Revised Statute § 39:1538. *Id*.

On August 20, 2021, Plaintiff filed almost identical oppositions to DeMoss and Harper's motions to dismiss, wherein he urged the court to deny the motions because he since had served the LORM and the AG. (Pl. Oppositions [doc. #s 39-40]). Plaintiff further argued that Louisiana Revised Statute § 39:1538(D) did not apply to lawsuits originally filed in federal court, and that failure to comply with § 39:1538(D) did not constitute grounds for dismissal. *Id*. Plaintiff emphasized that § 39:1538(D) was limited to suits against the State and its agencies. *Id*. The statute simply did not apply to Movants who were sued in their individual capacities as LSP troopers. *Id*.

Meanwhile, on August 18, 2021, Brown filed a reply brief whereby he took issue with Plaintiff's efforts to serve the LORM and the AG because Plaintiff failed to request summonses issued by the Clerk of Court to the LORM and the AG. (Brown Reply [doc. # 38]). Rather, Plaintiff tried to use the summons that had been issued to Brown to serve these other entities. *Id*.

On August 20, 2021, DeMoss filed a reply brief wherein he repeated Brown's argument that Plaintiff had failed to request summonses from the Clerk of Court for the LORM and the AG. (DeMoss Reply [doc. # 41]).

On August 27, 2021, Harper filed a reply brief in which he advanced the same summonses argument that Brown and DeMoss made in their reply briefs. (Harper Reply [doc. # 42]). Harper also cited several cases that purportedly applied § 39:1538 to cases filed in federal court. *Id*.

On September 10, 2021, Brown filed a second motion to dismiss for lack of personal

5

jurisdiction stemming from insufficient process and service as a "responsive motion in relation to plaintiff's [FSAC]." [doc. # 46]. Brown reiterated his arguments from the briefing on his first motion to dismiss. *Id*. The matter is ripe.

## Legal Principles

Defendants seek dismissal for insufficient process, insufficient service of process, and for lack personal jurisdiction as a result of the invalid service of process. FED. R. CIV. P. 12(b)(4) & (5). Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir.2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (internal quotation marks omitted). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Fed. Practice and Procedure, *supra*. *Id*. Rule 12(b)(4) also is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006).

When service is challenged under Rule 12(b)(5), the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

"The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

## **Analysis**

In their initial motions, Defendants do not argue that they were incorrectly named on the summons or complaint.[1] Rather, they argue that service was ineffective. Accordingly, the court will analyze Defendants' motions under Rule 12(b)(5). *See King v. Hebert*, Civ. Action No. 17-0406, 2018 WL 4355198, at *1–2 (M.D. La. Sept. 12, 2018).

Movants contend that service was invalid because Plaintiff did not serve them in accordance with Louisiana Revised Statute § 39:1538, which provides, in pertinent part, that

> [c]laims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter . . .

*     *     *

---

[1] In their reply memoranda, Defendants contend that the summonses Plaintiff served on the LORM and the AG, in response to Defendants' motions, were deficient because they were not originally issued by the Clerk of Court. The court, however, does not reach this issue because § 39:1538 is inapplicable in the present context. *See* discussion, *infra*.

> In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107 . . .

La. R. S. § 39:1538(A) & (D).

Defendants' argument, however, misses the mark. Plaintiff sued Defendants, Brown, DeMoss, and Harper, not in their official capacities, but in their individual capacities as LSP troopers. *See* Compl.[2] In other words, Plaintiff does not seek recovery against the state or its agencies for damages pursuant to his individual capacity claims against Brown, DeMoss, and Harper, and consequently, by its terms, § 39:1538 does not apply to Plaintiff's claims against these Defendants. *See Brown v. Chesson*, 315 So.3d 834, 838 (La. 2021) (personal service on qualified state health care provider sufficed, and § 39:1538 remained inapplicable where plaintiff did not assert any claims against the state or its agencies).[3]

---

[2] For purposes of recovery against the LSP, Plaintiff initially sued that agency directly and later substituted the DPSC in its stead. *See* FSAC. Plaintiff also sued Colonel Lamar Davis in both his individual capacity and in his official capacity as LSP Superintendent. *See* Compl. and FSAC.

[3] In any event, Plaintiff only need comply with § 39:1538 *if* he opted to serve the state or state agency in accordance with state law pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure. Otherwise, he simply could serve the state and/or its agency by delivering a copy of the summons and the complaint to that entity's chief executive officer as provided by Rule 4(j)(2)(A). *See Bellue v. Louisiana Workforce Comm'n*, Civ. Action No. 15-0509, 2015 WL 9200499, at *1–2 (M.D. La. Dec. 16, 2015) ("because service was effectuated on Defendant's chief executive officer, state law simply does not come into play."); *Rougeau v. Louisiana Dep't of Soc. Servs.*, Civ. Action No. 04-0432, 2008 WL 11355054, at *2–3 (M.D. La. July 10, 2008) (plaintiff properly effected service of original complaint on DSS Secretary pursuant to Rule 4(j)(2)(A), and failed to show that a case filed originally in federal court must be served in accordance with state law); *Richard v. Louisiana o/b/o Dep't of Children & Family Servs.*, Civ. Action No. 18-01257, 2019 WL 3366997, at *3 (W.D. La. June 3, 2019), *R&R adopted*, 2019 WL 3368558 (W.D. La. July 24, 2019) (plaintiff properly effected service on the state agency's chief executive officer; thus, service was effective under Rule 4(j)(2)(A)) and § 39.1538 remained inapplicable); *Lewis v. Louisiana Dep't of Transp. & Dev.*, Civ. Action No. 10-4600, 2011 WL 3502327, at *1–2 (E.D. La. Aug. 10, 2011) (by serving the secretary of the department,

Instead, service against the individual defendants in this case must be perfected pursuant to Rule 4(e), which provides that,

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, it is uncontroverted that Plaintiff served Dakota DeMoss by delivering a copy of the summons and the complaint to DeMoss's residence or usual place of abode and leaving the documents with his mother, Stacey Thompson. *See* Proof of Service [doc. # 12]. The foregoing service method satisfied the requirements of Rule 4(e)(2)(B). *See King, supra* (denying motions to dismiss filed by state troopers for failure to perfect service under § 39:1538 where the troopers were served individually under Rule 4(e)).

Similarly, it is uncontroverted that Plaintiff served George Harper by delivering a copy of

---

plaintiffs properly effectuated service of process on the LADOTD pursuant to the first method of service allowed under Rule 4(j)(2)); *see also King v. Hebert*, Civ. Action No. 17-0406, 2018 WL 4355198, at *1–2 (M.D. La. Sept. 12, 2018) (plaintiff not required to effect service pursuant to state law because case originally was filed in federal district court where the Federal Rules of Civil Procedure apply).
.

9

the summons and the complaint to Harper's residence or usual place of abode and leaving the documents with his wife, Hailey Harper. *See* Proof of Service [doc. # 11]. The foregoing service method satisfied the requirements of Rule 4(e)(2)(B). *See King, supra*.

Plaintiff also adduced evidence that he served Jacob Brown by serving the summons and complaint on Janna Steele, who purportedly was designated by law to accept service of process on his behalf. *See* Proof of Service [doc. # 13]. The foregoing service facially satisfied the requirements of Rule 4(e)(2)(C). *See King, supra*.

In his motion, Brown did not dispute that Steele was authorized by appointment or law to receive service for him. Rather, he admitted that he was served on June 28, 2021. (M/Dismiss, Memo., pg. 1 [doc. # 19]). Brown solely argued that in order to perfect service against him in his capacity as an LSP trooper, Plaintiff *also* was required to perfect service in accordance with § 39:1538. However, the court has resolved that issue against him. *See* discussion, *supra*.

In the absence of a cognizable challenge to the method of service employed by Plaintiff to serve him in his individual capacity, the court necessarily finds that Brown was properly served under Rule 4(e)(2)(C). *See Jones v. First Bank & Tr.*, Civ. Action No. 10-0939, 2010 WL 2836150, at *4 (E.D. La. July 16, 2010), *vacated on other grounds* 2010 WL 11494062 (E.D. La. Oct. 26, 2010) (an objection to the insufficiency of service of process must detail the manner in which the plaintiff has failed to satisfy the requirements of the applicable service provision).

In his second motion to dismiss for insufficient service of process and lack of personal jurisdiction, Brown re-urged his arguments from his initial motion and directed them toward the amended pleading. However, the undersigned has rejected those arguments and found that Plaintiff properly served Brown with the original complaint. *See* discussion, *supra*.

10

Accordingly, service of the amended pleading need only comply with Rule 5, which Plaintiff effected by service on Brown's attorney pursuant to the court 's electronic-filing system. *See* FED. R. CIV. P. 5(a)(1)(B) and 5(b)(1)-(2)(E).

Finally, Defendants' motions to dismiss for lack of personal jurisdiction were premised upon their underlying argument that Plaintiff failed to properly serve them in accordance with state law. However, the court's rejection of Defendants' insufficient service of process argument undermines the foundation for their respective motions to dismiss for lack of personal jurisdiction.

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the Rule 12(b) motions to dismiss for insufficient process, insufficient service of process, and/or lack of personal jurisdiction filed by Defendants, Jacob Brown [doc. # 19 & 46], Dakota DeMoss [doc. # 22], and George Harper [doc. # 24] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

11

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 27th day of September, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE