UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ANTONIO HARRIS                              CIV. ACTION NO. 3:21-01332

VERSUS                                      JUDGE TERRY A. DOUGHTY

JACOB BROWN, ET AL.                         MAG. JUDGE KAYLA D. MCCLUSKY

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a comprehensive motion to dismiss [doc. # 64] for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim upon which relief can be granted, plus an associated request for an award of fees under 42 U.S.C. § 1988, filed by Defendants, Louisiana Department of Public Safety & Corrections on behalf of the Louisiana State Police and Colonel Lamar Davis. FED. R. CIV. P. 12(b)(1)-(2) and (4)-(6). The motion is partially opposed. For reasons detailed below, it is recommended that the motion to dismiss be granted in part and denied in part.

<u>Background</u>[1]

On May 19, 2021, Antonio Harris filed the instant civil rights complaint under 42 U.S.C. § 1983 against various law enforcement personnel and other entities to recover compensatory and punitive damages for injuries that he sustained on May 23, 2020, when several Louisiana State Police troopers exercised excessive force against him following a traffic stop and vehicle chase. His injures were compounded by his post-arrest failure to receive adequate medical care

---

[1] This is the undersigned's third report and recommendation issued on Rule 12(b) motions in this case. Accordingly, the background and procedural information are borrowed, as modified, from the prior decisions.

for the ensuing month while confined at the Richland Parish Detention Center. (Compl.). Harris initially sued the following law enforcement officers and agencies: the Louisiana State Police ("LSP"); LSP Trooper Jacob Brown, in his individual capacity; LSP Trooper Dakota DeMoss, in his individual capacity; LSP Trooper George Harper, in his individual capacity; LSP Superintendent Lamar Davis, in his individual and official capacities; the Richland Parish Sheriff's Office ("RPSO"); the Richland Parish Detention Center ("RPDC"); and John Doe RPDC corrections officers, in their individual capacities. *Id.*

In at least partial response to a motion to dismiss [doc. # 14] filed by Defendant, RPSO, Harris filed a First Supplemental and Amended Complaint ("FSAC") on September 9, 2021. (FSAC [doc. # 44]).[2] In the FSAC, Harris effectively substituted: 1) the Department of Public Safety & Corrections on behalf of the Louisiana State Police ("DPSC") for the LSP; 2) Sheriff Gary Gilley, in his individual and official capacities, in lieu of the RPSO; 3) RPDC Warden Joel Weatherly, in his individual and official capacities, instead of the RPDC; and 4) Jane Doe and/or John Doe for the John Doe RPDC corrections officers. (FSAC). Harris also fleshed out some of his allegations against the parties, and explained that,

> [t]his cause of action is for money damages and brought pursuant to 42 U.S.C. 1983 and 1988, to redress the deprivation under color of state law of Antonio Harris' constitutional rights secured by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana . . .

*Id.*

---

[2] An "amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, there is no indication that the supplemental and amended complaint adopted or referenced the earlier pleading. Therefore, the sole, operative complaint before the court is the FSAC.

Harris listed three counts in the FSAC. In Count I, he asserted claims against LSP troopers Brown, DeMoss, and Harper under 42 U.S.C. § 1983 for subjecting him to excessive force in violation of the Fourth Amendment. *Id*., ¶¶ 51-72. He further alleged that each of the foregoing officers failed to intervene to prevent the use of excessive force upon him. *Id*. He also stated that the LSP troopers violated his Fourth and Fourteenth Amendment rights when they failed to render medical aid in response to both his cries for assistance and the visible injuries he sustained from the beating. *Id*. He alleged that the DPSC and Colonel Davis (in his individual and official capacities) had a policy of sanctioning and ignoring Fourth Amendment violations. *Id*. Harris requested punitive damages against the foregoing Defendants, plus an award of costs and attorneys' fees under 42 U.S.C. § 1988. *Id*.

In Count II, Harris listed claims for negligent training, hiring, and supervision under Louisiana Civil Code Article 2315 against the DPSC and Colonel Davis (in his individual and official capacities) for failure to properly supervise, train, and correct the behavior of DeMoss, Brown, and Harper. *Id*., ¶¶ 73-93. Although Harris purported to assert these claims under state tort law, he inconsistently requested compensatory and special damages under "federal common law," plus an award of costs and attorneys' fees under 42 U.S.C. § 1988. *Id*., ¶¶ 90-91.

In Count III, Harris asserted claims under 42 U.S.C. § 1983 against Sheriff Gilley and Warden Weatherly, in their individual and official capacities, for violating his rights under the Eighth and Fourteenth Amendments. *Id*., ¶¶ 94-108. Specifically, Harris alleged that Gilley, Weatherly, and/or Jane and John Doe corrections officers knew or should have known that he had suffered serious and debilitating injuries following the "vicious beating" inflicted upon him by the LSP officers. *Id*., ¶ 95. Harris added that Gilley, Weatherly, and the Jane and John Doe

3

corrections officers heard his repeated entreaties for help and/or medical assistance, but took no action to provide him with medical assistance. *Id.*, ¶¶ 96-97. In fact, Harris was bleeding externally and internally, coughing up blood, urinating blood, and defecating blood. *Id.*, ¶ 100. Nevertheless, Gilley, Weatherly, and the Doe corrections officers made no attempt to provide him with medical attention. *Id.*[3]

Finally, in addition to monetary damages, Harris prayed for appointment of a receiver to ensure proper training and supervision of LSP, RPSO, and RPDC employees. *Id.*, Prayer.

On October 28, 2021, DPSC and Colonel Davis filed the instant motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim upon which relief can be granted. DPSC and Davis urged dismissal of Harris's claims against them on one or more of the following grounds: 1) lack of subject matter jurisdiction because Eleventh Amendment sovereign immunity barred Harris's claims against DPSC and Davis, in his official capacity; 2) multiple deficiencies that resulted in insufficient process and/or service of process; 3) lack of personal jurisdiction stemming from the improper service of process allegations; and 4) failure to state a claim upon which relief can be granted against Davis in his individual capacity because the FSAC included no facts to show that he was personally involved in the events that led to Harris's arrest and the

---

[3] Although not included in any of his three counts, the FSAC also included allegations to support a claim for false detention and/or imprisonment against Gilley and Weatherly, in their individual and official capacities, and the Jane and John Doe corrections officers, stemming from Harris's month-long detention at the RPDC, despite his repeated entreaties to Sheriff Gilley and Warden Weatherly explaining that he was not the subject of an outstanding arrest warrant from Mississippi. *Id.*, ¶¶ 32-36. After one month, Harris was extradited to Mississippi on a warrant issued not for him, but for Antonia Harris, a female, at a time when Harris was on five years old. *Id.*, ¶ 40.

alleged use of excessive force against him.  The motion also sought dismissal of specific claims for failure to state a claim for relief, including claims under the First and Fourteenth Amendment, for punitive damages and attorney's fees, vicarious liability under § 1983, and negligent hiring, training, and/or supervision under state law.

On November 17, 2021, Harris filed his response to the motion to dismiss wherein he conceded that Eleventh Amendment immunity applied to the "DPSC/LSP," and to Colonel Davis in his official capacity.  (Pl. Opp. Brief [doc. # 68]).  However, he asserted that he had cured the service defect(s) and urged the court to deny the motion to dismiss the individual capacity claims against Colonel Davis.  He further asked the court to assess costs against DPSC and Davis as a result of their "redundant and groundless Motion to Dismiss."

The DPSC and Davis filed their reply brief on November 23, 2021.  (Defs.' Reply [doc. # 70]).  Accordingly, the matter is ripe.

## Discussion

## I.    **Sovereign Immunity**

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction.  *Mahogany v. Louisiana State Supreme Court*, 262 Fed. App'x. 636 (5th Cir. 2008) (citations omitted); *Carver v. Atwood*, ____ F.4th ____, 2021 WL 5368678, at *2 (5th Cir. Nov. 18, 2021) ("Sovereign immunity is indeed a jurisdictional bar.").

### a)    Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc.*

*v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

     b)    <u>Law and Analysis</u>

        i)    *State Agency and Official Capacity Claims*

It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity.  *Darlak, supra*.  It also precludes federal courts from hearing state law claims brought in federal court against state entities.  *Raj, supra* (citing *Pennhurst State School and Hospital v.*

*Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900 (1984)); *Richardson v. Southern University*, 118 F.3d 450, 453 (5ᵗʰ Cir. 1997). The DPSC and the Louisiana State Police are state agencies subject to Eleventh Amendment protection. *Dixon v. Barr*, Civ. Action No. 19-1471, 2021 WL 415811, at *4 (W.D. La. Feb. 5, 2021) (and cases cited therein); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5ᵗʰ Cir. 1999) (applying Eleventh Amendment immunity to § 1985 claim against the DPSC).

In addition, it is manifest that § 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 716 Fed. App'x. 265, 268 (5th Cir. 2017); *Richardson, supra*; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Moreover, Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court. LA. R.S. § 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991); *Raj, supra*; *Richardson, supra*. In fact, the State specifically invoked immunity via the instant motion.

With respect to Harris's claims against Colonel Davis in his official capacity, it is manifest that official capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. Consequently, the Eleventh Amendment bars suit against state officials and employees of state entities, acting in their official capacities. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted); *Green v. State Bar of Texas*, 27 F.3d

1083, 1087-88 (5th Cir. 1994) (plaintiff cannot evade Eleventh Amendment by suing state employees in their official capacity); *Brown v. McLane*, 807 Fed. App'x. 410, 411 (5th Cir. 2020) (Eleventh Amendment bars federal constitutional claims for damages *and* state-law claims, regardless of the form of relief sought against state agency head, in her official capacity) (citation omitted).

Although ignored by Harris,[4] and only obliquely alluded to by negative inference by Davis, there is, of course, a caveat. The *Ex Parte Young* doctrine recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state official. *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). Stated differently, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). The *Ex Parte Young* exception is limited to a lawsuit that seeks prospective relief from a *continuing* or *ongoing* violation of federal law. *Reed v. Goertz*, 995 F.3d 425, 429 n.2 (5th Cir. 2021) (citation omitted).

Here, Harris asked the court to appoint a "receiver or similar authority" to ensure that all law enforcement officers employed by the DPSC receive proper training and supervision on the appropriate use of force. (FSAC, Prayer). Despite Harris' request for a "receiver," he did not ask for underlying injunctive relief. Moreover, in response to the motion to dismiss, Harris made no mention of a potential claim for injunctive relief. Therefore, to the extent that he alluded to such a claim in his FSAC, he has abandoned it.

---

[4] Harris conceded, without reservation, that the Eleventh Amendment barred his claims against the DPSC/LSP and Davis, in his official capacity. *See* Pl. Opp. Brief, pg. 8.

Even if Harris *had* intended to advance a claim for injunctive relief that potentially might have fallen within the *Ex Parte Young* exception, the alleged injunctive relief sought still must "allege an ongoing violation of federal law." *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (citations omitted).  Harris, however, alleged no facts to show that LSP troopers are *currently* engaging in excessive force or that such actions are imminent.  *See Spec's Family Partners, supra*.

In sum, the court lacks jurisdiction to proceed against the DPSC and Davis, in his official capacity, and it is recommended that Harris's claims against these parties be dismissed, without prejudice.  *Carver, supra*; *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing FED. R. CIV. P. 12(b)(1)).

ii)    *Individual Capacity Claims*

In his opposition, Harris emphasized that Colonel Davis was not entitled to Eleventh Amendment immunity for claims asserted against him in his individual capacity.  (Pl. Opp., pg. 7).  Indeed, "[a]s a general rule the Eleventh Amendment does not bar suits against officers in their individual capacities."  *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006) (citations omitted).  However, "where the state is the real and substantial party in interest, the Eleventh Amendment may bar the suit."  *Id*. (citations omitted).

In their reply brief, DPSC and Davis argued that because Harris's claims against Davis are based in negligence, then he is entitled to indemnification by the State pursuant to Louisiana Revised Statute § 13:5108.1, which transforms the State into the real party in interest for the purpose of the individual capacity claims.  Thus, they contend that the claims are barred by the Eleventh Amendment.

9

However, as early as 1980, the Fifth Circuit has rejected the use of indemnity statutes to extend Eleventh Amendment immunity:

> an indemnity statute is only an agreement between the state and these individuals and cannot thereby be converted into an extension of Eleventh Amendment immunity by the state.  If we were to hold otherwise, by passing comprehensive indemnity statutes, states could set up sovereign immunity as a defense for almost all individuals sued for damages in their individual capacities under Section 1983.  The state, by passing such a statute does not become a party to the litigation . . .  individual defendants therefore have no Eleventh Amendment defense for a suit against them in their individual capacities.

*Downing v. Williams*, 624 F.2d 612, 626 (5th Cir. 1980) (internal citations omitted), *vacated on other grounds,* 645 F.2d 1226 (5th Cir. 1981).

Further, "the simple fact that Louisiana law provides for indemnification of the state officials does not convert the suit into one against the state."  *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143 (5th Cir. 2001).  In fact, the "Eleventh Amendment does not come into play at all in personal capacity suits."  *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999) (citations omitted); *Reyes v. Sazan*, 168 F.3d 158, 162 (5th Cir. 1999) (Eleventh Amendment not applicable because the officers were sued personally);[5] *see also Flowers v. Phelps*, 964 F.2d 400, 401 n.2 (5th Cir. 1992) (Eleventh Amendment presents no bar to an

---

[5] In *Reyes*, the Fifth Circuit appeared open to the possibility that Louisiana's indemnity statute could extend Eleventh Amendment immunity to state employees sued personally under state tort law.  *See Reyes, supra*.  In 2017, however, the Supreme Court closed that door once and for all when it clarified that sovereign immunity did not extend to a claim against an employee in his or her individual capacity, notwithstanding the fact that the sovereign enacted a law requiring indemnification of the employee.  *Lewis v. Clarke*, ____ U.S. ____, 137 S.Ct. 1285 (2017); *see also Conway v. Vannoy*, Civ. Action No. 18-0033, 2020 WL 1034616, at *7 (M.D. La. Mar. 3, 2020) (after *Lewis*, it is clear that Louisiana Revised Statute § 13:5108.1 cannot confer Eleventh Amendment immunity upon state employees for state law claims in federal court).

aggrieved party's claim under federal law for violation of constitutional rights brought against a state employee, in his individual capacity).[6]

Accordingly, the undersigned concludes that the Eleventh Amendment does not bar Harris's individual capacity claims against Davis, and it is recommended that, to this extent, the Motion to Dismiss be denied.

## II.  Service

DPSC and Davis also seek dismissal of Harris's claims against them for insufficient process, insufficient service of process, and for lack personal jurisdiction as a result of the invalid service of process.  Fed. R. Civ. P. 12(b)(4) & (5).  However, having determined that the court does not enjoy subject matter jurisdiction to entertain Harris's claims against the DPSC and Davis, in his official capacity, the scope of the present inquiry is limited to Harris's claims against Davis in his individual capacity.

a)  <u>Guiding Principles</u>

Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction.  "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and</u>

---

[6] In 1990, the Fifth Circuit held that Louisiana does not recognize an *individual* negligence action against a state prison guard for failure to protect an inmate against an attack by another inmate, and, therefore, the injured inmate necessarily had to sue the guard only in his official capacity, which was barred by the Eleventh Amendment.  *Hughes v. Savell*, 902 F.2d 376, 379 and n.5 (5th Cir. 1990).  Needless to say, the foregoing facts and claims are not at issue in the present suit.

Procedure: Civil 3d § 1353) (internal quotation marks omitted).  Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  Fed. Practice and Procedure, *supra*.  *Id*.  Rule 12(b)(4) also is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served.  *International Fire and Safety, Inc. v. HC Services, Inc.*, Civ. Action No. 06-0063, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006).

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions."  *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted).  Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served."  *Landry v. Garber*, Civ. Action No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

b)      Law and Analysis

Davis, in his individual capacity, contends that service of process was invalid because: (1) it did not include a copy of Exhibit A to the complaint; (2) it was not made on the proper person, i.e., him, and (3) it is now too late to perfect service.  The court will address these

arguments, in turn.

    *i)*    *Failure to Serve a Full Copy of the Complaint*

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). Serving the summons or a copy of the complaint, without the other, renders service invalid. *See Walk-On's, supra*; *Styles v. McDonalds Rest*., Civ. Action No. 17-0791, 2019 WL 2266636, at *3–4 (E.D. Tex. Jan. 28, 2019), *R&R adopted*, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); *see also Aerielle Techs., Inc. v. Procare Int'l Co*., Civ. Action No. 08-0284, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011) (citation omitted) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.")). A failure to provide defendant with a copy of the complaint violates Rule 4(c). *Thrasher v. City of Amarillo*, 709 F.3d 509, 510 (5th Cir. 2013).

Davis contends that, although the original complaint referenced an LSP organizational chart that purportedly was attached to the complaint as "Exhibit A," Harris failed to serve him with a copy of the exhibit. *See* Compl, ¶ 62.[7] Of course, Davis, in his individual capacity, was never served with the complaint or summons at all. *See* discussion, *infra*. Moreover, even if he had been served, the actual complaint filed with the court also did not include any exhibits. *See* Complaint [doc. # 1]. Accordingly, Harris did not need to serve Davis with the erroneously referenced, but non-existent exhibit. The court also declines Davis's alternative request for a more definite statement pursuant to Rule 12(e). *See* M/Dismiss, Memo., pg. 14.

---

[7] *See* Rule 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

ii)    *Failure to Serve Davis*

When, as here, a plaintiff seeks to serve an individual such as Davis, in his individual

capacity, service must be perfected pursuant to Rule 4(e),[8] which provides that,

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial
> district of the United States by:
>
> **(1)**    following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or
>
> **(2)**    doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual
> personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode
> with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to
> receive service of process.

FED. R. CIV. P. 4(e).

Here, the record contains three purported returns of service for Davis.  The first shows

that Nikita Garner, a person purportedly designated by law to accept service on behalf of Davis,

was served with the summons at the DPSC Office of Legal Affairs on June 17, 2021.  [doc. #

10].  The second service return reflects that on August 12, 2021, Jennifer Richardson, Melissa

Harris, and Adrienne Aucoin were served with summonses and that they were designated by law

to accept service on behalf of the Office of the Attorney General, Office of Risk Management,

---

[8] *Dougherty v. Dupes*, Civ. Action No. 17-1541, 2018 WL 1696651, at *5 (M.D. Pa. Apr. 6, 2018).

and Office of Legal Affairs, respectively.  [doc. # 33].  Finally, between September 27 and 28, 2021, Harris had summonses served on Tanyeka Green Servick (sp), Cynthia Robertson, and Jennifer Richardson, who were designated by law to accept service on behalf of the Office of Risk Management, the Office of Legal Affairs, and the Office of the Attorney General, respectively.  [doc. # 61].

At the outset, the court emphasizes that, in response to Davis's motion, Harris did not argue, let alone show that he had Davis served personally or that a copy of the original or amended complaint was left at Davis's dwelling or usual place of abode with someone of sufficient age and discretion.  *See* FED. R. CIV. P. 4(e)(2)(A)-(B).  Harris also did not establish that he perfected service against Davis, in his individual capacity, in accordance with Louisiana law.  *See* FED. R. CIV. P. 4(e)(1) and LA. CODE CIV. P. ARTS. 1232-1235.

Moreover, in response to Davis's motion challenging the sufficiency of service, Harris did not adduce evidence to confirm that Nikita Garner or any of the other individuals at various state offices that he caused to be served were designated by law to accept service on behalf of Davis, in his individual capacity.  *See* FED. R. CIV. P. 4(e)(2)C).  Once challenged, a conclusory allegation that the person served was designated/appointed by law to accept does not suffice to establish proper service.  *See Ruiz v. Rhode Island*, Civ. Action No. 16-507, 2018 WL 514539, at *2 (D.R.I. Jan. 22, 2018) (plaintiff failed to point to law that authorized state attorney general office to accept service for defendants in their individual capacities).  Furthermore, even if the person served represented to the process server that she was authorized to accept service on defendant's behalf, proof of an *actual* agency or authorization is required.  *Wagster v. Gauthreaux*, Civ. Action No. 12-0011, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013); *Clark*

15

*v. Stat Care Clinics, L.L.C.*, Civ. Action No. 17-306, 2020 WL 1027145, at *4 (M.D. La. Mar. 3, 2020), *appeal dismissed,* 2020 WL 5642030 (5th Cir. June 25, 2020) (agent must have actual authorization and not merely represent themselves to be authorized in order to be an agent for service of process).

Harris also cannot rely on the service method he used to serve Davis in his official capacity to effect service on Davis in his individual capacity.  Rather, "where a defendant is sued in both his individual and official capacities, . . . the defendant is entitled to receive service of process in both capacities.  Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019) (citations and internal quotation marks omitted); *Monte Nido Missouri LLC v. St. Louis Cty., Missouri*, Civ. Action No. 20-1491, 2020 WL 6703289, at *1 (E.D. Mo. Nov. 13, 2020) (plaintiff sued defendant in official and individual capacities, but only served him in official capacity); *Ruiz, supra* ("effecting service on someone in his official capacity does not ipso facto do so in his individual capacity, and vice versa") (citations omitted).[9]

    *iii)*    *Dismissal*

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1).  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against

---

[9] Harris appears to rely on the fact that he filed an amended complaint to excuse improper service of the original complaint.  However, Harris cannot rely on the relaxed service method for amended pleadings available under Rule 5, where he did not properly perfect service of the original complaint upon Davis under Rule 4.

16

that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc*., 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

Here, defense counsel specifically advised Harris's attorney as early as July 14, 2021, that Davis, in his individual capacity, had not been properly served because Harris had not caused Davis to be served via personal or domiciliary service. (July 14, 2021, Letter from J. Pellegrin to P. Doran; M/Dismiss, Exh. A). Moreover, in the ensuing five months, there is no indication that Harris took any steps to redress this service omission. Even after the instant motion was filed, Harris did not file proof of subsequent proper service. Harris simply has not shown good cause for his continued service omissions. Furthermore, Harris did not advance any equitable grounds for continued forbearance.[10]

## III.    Lack of Personal Jurisdiction

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999)

---

[10] While the court does not reach Davis's arguments for dismissal on the merits, *see* discussion, *infra*, Harris did not proffer any creditable response to Davis's contention that Davis was not the LSP superintendent at the time of the events at issue, and consequently, could not have been personally involved in any failure to train or properly supervise the LSP troopers who battered him. In other words, Harris will not suffer material prejudice from Davis's dismissal.

17

(citation omitted).  Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

Here, Harris did not properly serve Davis, in his individual capacity.  *See* discussion, *supra*.  Accordingly, the court lacks personal jurisdiction to entertain Harris's claims against him, and it is recommended that the individual capacity claims against Davis be dismissed without prejudice.  FED. R. CIV. P. 12(b)(2).

## IV.     Failure to State a Claim for Relief

In their omnibus motion to dismiss, DPSC and Davis also requested dismissal of various claims and parties under Rule 12(b)(6).  Personal jurisdiction, however, is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584; 119 S.Ct. 1563, 1570 (1999) (citation and internal quotation marks omitted).  In the absence of subject matter and/or personal jurisdiction over the defendant, as recommended here, the court is unable to reach DPSC and Davis's further or alternative motion to dismiss for failure to state a claim upon which relief can be granted.  *See Walk-On's, supra* (court lacked jurisdiction to consider defendant's remaining Rule 12(b)(6) arguments).

## V.     Fees

The pertinent statute, 42 U.S.C. § 1988, authorizes an award of "a reasonable attorney's fee" to "the prevailing party" in civil rights cases, including suits brought under § 1983.  *Fox v. Vice*, 563 U.S. 826, 832–33; 131 S.Ct. 2205, 2213 (2011).  However, § 1988 permits a fee award to a prevailing *defendant*, only "upon a finding that the plaintiff's action was frivolous,

unreasonable, or without foundation." *Id*. (citations omitted).  This standard reflects Congress's intention "to protect defendants from burdensome litigation having no legal or factual basis." *Id*. (citations omitted).

To determine whether a claim is frivolous or groundless, courts may examine factors such as:  "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial." *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x. 421, 425 (5th Cir. 2011) (citing *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)).  "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id*. (citation omitted).

Here, Harris did not contest the Rule 12(b)(1) motion to dismiss his claims against DPSC and Davis, in his official capacity.  Also, while the viability of Harris's individual capacity claims against Davis remain tenuous, Harris did not take steps to ensure proper service against him.  Accordingly, the court has not reached the merits of those claims.  In short, the undersigned's recommended dismissal of Harris's claims for lack of subject matter and/or personal jurisdiction disposes of his claims at an early opportunity, without expenditure of undue temporal and fiscal resources.  Under these circumstances, the court declines DPSC and Davis's bare and unsupported request for an award of fees and/or costs under 42 U.S.C. § 1988. Needless to say, the court also denies Harris's request to assess costs against DPSC and Davis.

### Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the motion to dismiss [doc. # 64] filed by Defendants,

19

Louisiana Department of Public Safety & Corrections on behalf of the Louisiana State Police and Colonel Lamar Davis, be GRANTED IN PART and that Plaintiff Antonio Harris's claims against Louisiana Department of Public Safety & Corrections on behalf of the Louisiana State Police and Colonel Lamar Davis, *in his official capacity*, be DISMISSED, without prejudice, for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

IT IS FURTHER RECOMMENDED that the motion to dismiss [doc. # 64] filed by Defendants, Louisiana Department of Public Safety & Corrections on behalf of the Louisiana State Police and Colonel Lamar Davis, be GRANTED IN PART and that Plaintiff Antonio Harris's claims against Colonel Lamar Davis, *in his individual capacity*, be DISMISSED, without prejudice, for lack of personal jurisdiction, insufficient process, and/or insufficient service of process. FED. R. CIV. P. 12(b)(2), (4), and/or (5).

IT IS FURTHER RECOMMENDED that the motion to dismiss, including the request for an award of fees and/or costs under 42 U.S.C. § 1988, [doc. # 64] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of December, 2021.

KAYLA DYE McCLUSKY
UNITED STATES MAGISTRATE JUDGE