## Adrejia Boutte

| | |
|---|---|
| **From:** | Blake Arcuri <blake@rodriguearcuri.com> |
| **Sent:** | Tuesday, April 28, 2026 9:25 AM |
| **To:** | Racer, Charles; Tannie Swent; Pride Doran; Adrejia Boutte; 'mike@miketsterlinglaw.com' |
| **Cc:** | Jason Wixom; Craig Frosch; Laura Rodrigue; 'soxenhandler@goldweems.com'; 'Joshua Dara, Jr.'; Brad Calvit; Eli Meaux; Lisa Scoman; MMcNeal |
| **Subject:** | Re: State/Harris - 4/27/26 Ltr Plaintiff in re Obj. & Resp RFAs |
| **Attachments:** | RFA Response Gilley Weatherly.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Please see attached responses for Sheriff Gilley and Joel Weatherly.

---

**From:** Racer, Charles <RacerC@ag.louisiana.gov>
**Sent:** Tuesday, April 28, 2026 8:56 AM
**To:** Tannie Swent <TSwent@provosty.com>; 'Pride Doran' <Pride@doranlawfirm.com>; 'Adrejia Boutte' <adrejia@doranlawfirm.com>; 'mike@miketsterlinglaw.com' <mike@miketsterlinglaw.com>
**Cc:** Jason Wixom <jason@rodriguearcuri.com>; Blake Arcuri <blake@rodriguearcuri.com>; Craig Frosch <craig@rodriguearcuri.com>; Laura Rodrigue <laura@rodriguearcuri.com>; 'soxenhandler@goldweems.com' <soxenhandler@goldweems.com>; 'Joshua Dara, Jr.' <jdara@goldweems.com>; Brad Calvit <BCalvit@provosty.com>; Eli Meaux <EMeaux@provosty.com>; Lisa Scoman <lscoman@provosty.com>; MMcNeal <MMcNeal@provosty.com>
**Subject:** RE: State/Harris - 4/27/26 Ltr Plaintiff in re Obj. & Resp RFAs

I will have my responses out Wednesday.  Please let me know if this poses a problem.  Thanks,



**C. Bryan Racer**
Monroe Regional Office Chief, Litigation Division
Office of Attorney General Liz Murrill
Phone: (318) 362-5256  Fax: (318) 362-5259
www.AGLizMurrill.com

---

**From:** Tannie Swent <TSwent@provosty.com>
**Sent:** Monday, April 27, 2026 5:04 PM
**To:** 'Pride Doran' <Pride@doranlawfirm.com>; 'Adrejia Boutte' <adrejia@doranlawfirm.com>; 'mike@miketsterlinglaw.com' <mike@miketsterlinglaw.com>
**Cc:** Racer, Charles <RacerC@ag.louisiana.gov>; 'Jason Wixom' <jason@rodriguearcuri.com>; 'Blake Arcuri' <blake@rodriguearcuri.com>; 'Craig Frosch' <cfrosch@fralawfirm.com>; 'Laura Rodrigue' <laura@rodriguearcuri.com>; 'soxenhandler@goldweems.com' <soxenhandler@goldweems.com>; 'Joshua Dara, Jr.' <jdara@goldweems.com>; Brad Calvit <BCalvit@provosty.com>; Eli Meaux <EMeaux@provosty.com>; Lisa Scoman <lscoman@provosty.com>; Melanie

**EXHIBIT B**
1

McNeal <MMcNeal@provosty.com>
**Subject:** State/Harris - 4/27/26 Ltr Plaintiff in re Obj. & Resp RFAs

Dear All,

OBO Mr. Calvit & Mr. Meaux, attached hereto please find Objection & RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS BY GEORGE HARPER in the subject matter.

Thank you.

Tannie F. Swent
Litigation/Trial Paralegal to H. Bradford Calvit and Eli J. Meaux
Provosty, Sadler & deLaunay, APC
4615 Parliament Dr. Ste. 200 (71303)
P.O. Box 13530
Alexandria, LA 71315-3530
Direct Line: 318-767-3183
Cell: 318-623-1220
Direct Fax: 318-767-9583
tswent@provosty.com

**Disclaimer**
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ANTONIO HARRIS | * | CIVIL ACTION NO. 21-1332 |
| Plaintiffs | * | |
| | * | |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| JACOB BROWN, ET AL | * | |
| Defendant | * | MAGISTRATE JUDGE |
| | * | KAYLA MCCLUSKY |

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Sheriff Gary GIlley and Warden Joel Weatherly ("Defendants") hereby objects and responds to Plaintiff ANTONIO HARRIS's (the "Propounding Party") First Set of Requests for Admission as follows:

**PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of this pending action. Documents eventually produced in response to the Requests for Admission and any individual request therein, are subject to admissibility, as well as to any and all other objections on any grounds that would require the exclusion of any statement therein if the information were introduced in court. All objections and grounds for such objections are expressly reserved and may be interposed at the time of any motion or trial. These responses are based on discovery available as of the date hereof. Discovery is continuing, and these responses are accordingly subject to revision. Further discovery, independent investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information set forth herein. These responses are given without prejudice to Defendants's right to produce, respond, or rely on subsequently discovered information, facts, or documents. Defendants accordingly reserves the right to change the response herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made. The responses contained herein are made in a

1

good faith effort to comply with the relevant rules of civil procedure but are in no way deemed to prejudice Defendants with respect to further discovery, research, and analysis.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny that there is jail video which depicts Mr. Harris during the period of time he was in the jail's custody, related to the Incident arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny that no officer at the jail arranged for Mr. Harris to be transported for medical evaluation on the date of arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that Mr. Harris requested medical care from any jail personnel, while he was in custody, related to the Incident arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that Mr. Harris was never attended to by medical jail personnel, while he was in custody, related to the Incident arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit or deny that you have a duty to preserve all documents and ESI related to the time period Mr. Harris's was in custody at the jail, related to the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied to every extent that any "incident" occurred relative to Antonio Harris while in RPSO custody. Denied as to any general duty to preserve. Admitted to any extent this request refers to any period post-notification or demand.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that no responsive ESI or video evidence has been deleted, overwritten, or lost since the duty to preserve arose.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted.

Dated: April 28, 2026                                        Respectfully submitted,

By:   /s/Blake J. Arcuri
           Attorney for Defendant
           Blake Arcuri (SBN: 32322)
           Rodrigue & Arcuri,  LLP
           1615 Poydras Street
           Suite 1250
           New Orleans, LA 70112
           Phone: 504-592-4600
           Facsimile: 504-592-4641
           blake@rodriguearcuri.com

           Attorney for Sheriff Gary GIlley and Warden Joel Weatherly

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ANTONIO HARRIS**                                    **CIVIL ACTION NO. 3:21-CV-01332**

**VERSUS**                                            **JUDGE TERRY A. DOUGHTY**

**JACOB BROWN, ET AL**                                **MAG. JUDGE KAYLA D. MCCLUSKY**

**RESPONSES TO PLAINTIFF'S**
**REQUESTS FOR ADMISSIONS BY DAKOTA DEMOSS**

NOW, through undersigned counsel, comes Defendant, DAKOTA DEMOSS, who in response to Requests for Admissions with respect represents the following:

*General Objections and Limitations*

1.

Defendants respond to these Interrogatories and Request for Production of Documents subject to and without intending to waive an expressly preserving (a) any objection as to competency, relevancy, materiality, privilege, and/or admissibility of any of the responses provided herein; and (b) the right to object to other requests involving or relating to the subject matter of the Discovery Requests responded to herein.

2.

Notwithstanding anything to the contrary contained in the Discovery Requests, Defendants assume no burden or duty to amend or supplement these responses beyond the duty imposed by the Federal Rules of Civil Procedure.

3.

Certain of the Discovery Requests call for the identification of certain material prepared in anticipation of ligation or for trial or which reflect the mental impressions, conclusions, opinions, or legal theories of Defendant's attorney and which are protected from discovery as work product.

Defendant objects to providing any such information except to the extent that Defendant merely identifies those materials and does not reveal the substance of such protected materials.

4.

Defendant objects to the Discovery Requests insofar as they seek identification of information not an issue in this action, on the ground that these interrogatories are impermissibly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Defendant objects to the Discovery Requests to the extent they request information or documents not is within the Defendant's possession, custody, or control, and to the extent the information has previously been requested and/or provided to Petitioner in connection with these proceedings.

6.

Defendant objects to the Discovery Requests to the extent same call for mental work processes and are not directed to specific facts or issues of the case.

7.

Defendant objects to the Discovery Requests as untimely.  The Case Management Order [Doc Doc. No. 93] proscribed a deadline of March 27, 2026 to serve written discovery. Specifically, Paragraph 4 of the Case Management Order Provides:

> To allow time for responses, written discovery must be served more than thirty (30) days before the deadline. Motions to compel must be filed by this date.

As plaintiff serviced the discovery requests on April 2, 2026, the Written Discovery fails to comply with the deadline set forth in the Case Management Order.

*Definitions and Instructions*

Defendant objects to the definitions and/or instructions contained in Paragraph C. Specifically, defendant is an individual.  As such, the terms "you" or "your" is incapable of including officer, employees, agents, contractors, or assigns.  Additionally, defendant objects to the definition of incident to include events when this defendant was not present.  Therefore, the afore described terms are overly broad and incapable of a complete response from this defendant.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit or deny that Mr. Harris exited his vehicle, lay prone, extended his arms away from his body, spread his legs, and surrendered.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendant admits that Mr. Harris exited his vehicle.  All other matters set out in Request for Admission No. 1 are denied.  See Deposition of Dakota DeMoss pages 55-56.

### REQUEST FOR ADMISSION NO. 2:

Admit or deny that Mr. Harris surrendered, he did not strike, kick, head-butt, threaten, or attempt to flee on foot.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied.  However, defendant admits that Mr. Harris did not strike, kick, head-butt or threaten DeMoss.

### REQUEST FOR ADMISSION NO. 3:

Admit or deny that Trooper DeMoss struck Mr. Harris with a knee and open hand after Mr. Harris surrendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.  Defendant shows plaintiff actively resisted his arrest.  See Deposition of Dakota DeMoss pages 57-58.  Further, Defendant used no force against plaintiff.  See Deposition of Dakota DeMoss pages 58-59, 63, 65 & 69.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that Trooper DeMoss powered his body camera off during the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.  See Deposition of Dakota DeMoss page 59.

**REQUEST FOR ADMISSION NO. 5:**

Admit or deny that Trooper Harper used a handheld flashlight as an impact weapon on Mr. Harris' head.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant possess no knowledge of what any other person did at the scene prior to Harris being successfully placed into handcuffs.  See Deposition of Dakota DeMoss page 60.  Thus, Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that Trooper Harper intentionally flipped his body camera so that it did not record video of his interaction with Mr. Harris.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant possess no knowledge of what any other person did at the scene prior to Harris being successfully placed into handcuffs.  See Deposition of Dakota DeMoss page 60.  Thus, Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that Trooper Brown pulled Mr. Harris' hair and applied downward force to Mr. Harris' head and back while Mr. Harris was on the ground.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant possess no knowledge of what any other person did at the scene prior to Harris being successfully placed into handcuffs.  See Deposition of Dakota DeMoss page 60.  Thus, Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that none of the State Police Defendants rendered medical aid to Mr. Harris at the scene.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant has no personal knowledge as to the actions of the State Police Defendants. Further, see Deposition of Dakota DeMoss page 62.  Thus, Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that the LSP Use of Force report for the Incident left unanswered whether the Incident was captured on any department video camera system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant has no personal knowledge of the contents of a Use of Force report. Thus, Defendant cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that investigators later identified at least nine separate recordings related to the Incident, including both body worn and in car recordings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant has no personal knowledge of what "investigators" found related to "recordings" related to the Incident. Thus, Defendant cannot admit or deny. Defendant admits that there was video from Defendant's body worn camera and his in-car camera.

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that State Police personnel exchanged text or mobile data terminal messages about the beating of Mr. Harris after transport to jail.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant admits that messages were exchanged via mobile data terminal.  However, Defendant has no memory of the contents.  See Deposition of Dakota DeMoss page 63.  All other matters set out in Request for Admission No. 11 are denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny the authenticity of the mobile data terminal thread quoted by investigators that includes statements such as "still digesting that ass whoopin," "he gonna be sore tomorrow for sure," and "warms my heart".

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant has no recollection of the mobile data terminal thread quoted by investigators.  See Deposition of Dakota DeMoss page 63-64.  Accordingly, defendant cannot admit or deny the specific content of the statements.

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that the arrest report did not disclose that video evidence existed of the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant has no personal knowledge that the arrest report did not disclose that video evidence

existed of the Incident. This Defendant did not author the arrest report.  Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that Mississippi did not seek extradition on the purported warrants that were cited at the stop.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant has no personal knowledge of Mississippi not seeking extradition on the purported warrants. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that the body worn and in car videos that exist depict Mr. Harris surrendering.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit or deny that you have a duty to preserve all documents and ESI related to the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendant objects to the request as violative of Federal Rule of Civil Procedure 36.  The Request seeks a legal conclusion prohibited by the Rule.  Further, Defendant objects to the request as violative the attorney-client and work product privileges.  The request seeks the mental impressions of counsel as to whether the law imposes a duty upon the Defendant to preserve documents and ESI as opposed to the records custodian of the Department of Public Safety and Corrections, Office of State Police.  Without said objections, the request is denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny that no responsive ESI or video evidence has been deleted, overwritten, or lost since

the duty to preserve arose.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

See Response to Request for Admission No. 16.  Without waiving said objections, Defendant

possesses no personal knowledge of any ESI or video evidence being deleted, overwritten, or lost.

Thus, Defendant cannot admit or deny.

Respectfully Submitted:

LIZ MURRILL
ATTORNEY GENERAL

By:  /s/ C. Bryan Racer
  C. Bryan Racer  #24196
  Assistant Attorney General
  Louisiana Department of Justice
  Office of the Attorney General
  24 Accent Dr., B200
  Suite A – Litigation Division
  Monroe, Louisiana 71201
  Tel: (318) 362-5250
  Fax: (318) 362-5259
  *Attorney for Trooper Dakota Demoss*

**CERTIFICATE OF SERVICE**

**I  HEREBY  CERTIFY** that a copy of the above RESPONSE TO PLAINTIFF'S

REQUESTS FOR ADMISSIONS BY DAKOTA DEMOSS has been served upon counsel for all

parties via E-mail and/or U.S. Regular mail on the   29th   day of, April, 2026.

/s/ C. Bryan Racer
**C. BRYAN RACER**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ANTONIO HARRIS                                    CIVIL ACTION NO. 3:21-CV-1332

VERSUS                                            JUDGE TERRY A. DOUGHTY

JACOB BROWN, ET AL                                MAGISTRATE KAYLA D. MCCLUSKY

---

**BROWN'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny that Mr. Harris exited his vehicle, lay prone, extended his arms away from his body, spread his legs, and surrendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant objects to the request as compound. Defendant further objects that the request is vague and ambiguous as to the term "surrendered," and seeks information that occurred prior to Defendant's arrival at the scene and is therefore outside of Defendant's personal knowledge. Subject to the objections, Defendant admits that Mr. Harris exited the vehicle but denies the remaining allegations.

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny that after Mr. Harris surrendered, he did not strike, kick, head-butt, threaten, or attempt to flee on foot.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant objects to the request as compound. Defendant further objects that the request is vague and ambiguous as to the term  "surrendered," and seeks information that occurred prior to Defendant's arrival at the scene and is therefore outside of Defendant's personal knowledge.

Subject to the objections, Defendant admits that after Mr. Harris exited the vehicle, he did not successfully strike, kick, head-butt, or threaten, but denies that Mr. Harris did not attempt to flee.

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that Trooper DeMoss struck Mr. Harris with a knee and open hand after Mr. Harris surrendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant objects to the request as compound. Defendant further objects that the request is vague and ambiguous as to the term  "surrendered," and seeks information outside of Defendant's personal knowledge. Defendant lacks personal knowledge of all actions taken by Trooper DeMoss, including those that may have occurred prior to or independent of Defendant's arrival. Subject to the objections, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that Trooper DeMoss powered his body camera off during the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant objects that the request seeks information outside of Defendant's personal knowledge. After reasonable inquiry the information available to Defendant is insufficient to admit or deny. Therefore, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit or deny that Trooper Harper used a handheld flashlight as an impact weapon on Mr. Harris's head.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant objects that the request seeks information outside of Defendant's personal knowledge. Defendant lacks personal knowledge of all actions taken by Trooper Harper, including

those that may have occurred prior to or independent of Defendant's arrival. After reasonable inquiry the information available to him is insufficient to admit or deny. Therefore, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that Trooper Harper intentionally flipped his body camera so that it did not record video of his interaction with Mr. Harris.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant objects that the request seeks information outside of Defendant's personal knowledge. Defendant lacks personal knowledge of all actions taken by Trooper Harper, including those that may have occurred prior to or independent of Defendant's arrival. Defendant further objects that the request calls for speculation as to Trooper Harper's intent. After reasonable inquiry the information available to him is insufficient to admit or deny. Therefore, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that Trooper Brown pulled Mr. Harris's hair and applied downward force to Mr. Harris's head and back while Mr. Harris was on the ground.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant objects to Request for Admission No. 7 as compound. Defendant further objects that the request is vague and ambiguous as to the terms "pulled" and "force." Subject to the objections, Defendant denies pulling Mr. Harris's hair, but admits to applying downward force.

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that none of the State Police Defendants rendered medical aid to Mr. Harris at the scene.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted. Further answering, a paramedic or EMT responded to the scene and spoke with Mr. Harris.

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that the LSP Use of Force report for the Incident left unanswered whether the Incident was captured on any department video camera system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant admits that the report contained two boxes regarding  capture of video and neither were checked.

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that investigators later identified at least nine separate recordings related to the Incident, including both body worn and in car recordings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection, Defendant lacks sufficient personal knowledge as to what was identified by investigators. Subject to the objection, denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that State Police personnel exchanged text or mobile data terminal messages about the beating of Mr. Harris after transport to jail.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant objects that the term "beating" is argumentative and prejudicial. Without waiving, Defendant admits that State Police personnel, including himself, exchanged mobile data terminal messages after Mr. Harris was transported. Defendant denies that those communications concerned a "beating" as that term implies unlawful conduct.

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny the authenticity of the mobile data terminal thread quoted by investigators that includes statements such as "still digesting that ass whoopin," "he gonna be sore tomorrow for sure," and "warms my heart."

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection. The request assumes the quoted excerpts are complete and in proper context. Without waiving, Defendant admits that the Louisiana State Police investigative report reproduces a mobile data terminal thread containing the quoted language and that he was a participant in MDT communications following the incident. Defendant reserves all rights to contest the completeness and context of the quoted excerpts.

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that the arrest report did not disclose that video evidence existed of the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant admits that the arrest report did not identify video evidence.

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that Mississippi did not seek extradition on the purported warrants that were cited at the stop.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection. Calls for information outside the personal knowledge and control of Defendant, as extradition decisions are made by prosecutorial and executive authorities in Mississippi, not by

individual troopers. After reasonable inquiry the information available to Defendant is insufficient to admit or deny Mississippi's extradition decisions and therefore denies.

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that the body worn and in car videos that exist depict Mr. Harris surrendering.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit or deny that you have a duty to preserve all documents and ESI related to the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny that no responsive ESI or video evidence has been deleted, overwritten, or lost since the duty to preserve arose.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Objection. Overbroad to the extent it requires Defendant to speak to the preservation practices of the entire Louisiana State Police, which are outside his personal knowledge and control. Subject to the objection, Defendant admits that he individually has not intentionally deleted, destroyed, or concealed any ESI or video evidence related to the Incident. Defendant lacks sufficient personal knowledge to admit or deny whether any ESI was inadvertently lost and therefore denies that portion of the request.

Respectfully submitted,

**LIZ MURRILL**

**ATTORNEY GENERAL**

By:   */s/Joshua J. Dara, Jr.*
Joshua J. Dara, Jr. (#35739)
jdara@goldweems.com
Steven M. Oxenhandler (#28405)
soxenhandler@goldweems.com
Michael J. O'Shee (#10268)
moshee@goldweems.com
GOLD WEEMS LAW FIRM
2001 MacArthur Drive
PO Box 6118
Alexandria, LA 71307-6118
Phone: 318.445.6471
Facsimile: 318.445.6476
**ATTORNEYS FOR JACOB BROWN**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 2nd day of May, the foregoing was sent to all counsel of record via electronic mail.

*/s/Joshua J. Dara, Jr.*
COUNSEL

# Provosty, Sadler & deLaunay, APC
## Attorneys and Counselors at Law

H. Brenner Sadler[1]
H. Bradford Calvit
John D. Ryland

David W. Lambert[2]
David T. Marler
Eli J. Meaux
Joseph P. Williams, Jr.

4615 Parliament Drive, Suite 200 (71303)
P. O. Box 13530
Alexandria, Louisiana 71315-3530
Telephone (318) 445-3631
Telefax (318) 445-9377
www.provosty.com

April 27, 2026

Ledoux R. Provosty (1894-1980)
Richard B. Sadler, Jr. (1912-1990)
Ledoux R. Provosty, Jr. (1930-1995)
William H. deLaunay, Jr. (1938-2010)
Catherine G. Brame (1956 - 2025)

Joseph R. Martin, of Counsel
Vijay Venkataraman, of Counsel

[1]Board Certified in Taxation
[2]Also Admitted in Texas

Writer's Direct Dial: (318) 767-3133
Email:bcalvit@provosty.com
Writer's Direct Dial: (318) 767-3118
Email:emeaux@provosty.com

### Via Email

Pride J. Doran
Adrejia L.A. Boutte
Doran & Cawthorne, PLC
842 Main Street
Baton Rouge, LA 70802
P: (225) 217-6400
pride@doranlawfirm.com
adrejia@doranlawfirm.com

Michael T. Sterling
Michael T. Sterling & Associates
437 Memorial Drive, Suite A2
Atlanta, GA 30312
P: (470) 354-0600
mike@miketsterlinglaw.com

> **RE:** Antonio Harris v. Jacob Brown, et al
> Civil Action No. 3:21-cv-01332
> USDC; Western District; Monroe Division
> DOJ # USW-21-1332; ORM # 20G0523HA0333
> TPA # C199203685-0001-01
> File No. 21-3000.126
> **JURY TRIAL:**        **10/13/26**

Gentlemen:

Enclosed herewith please find RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS BY GEORGE HARPER in the above referenced matter.

With kind regards, I remain,

Sincerely,

LIZ MURRILL
ATTORNEY GENERAL

BY:
H. BRADFORD CALVIT
ELI. J. MEAUX
Special Assistant Attorney General

EJM:ts

cc:    Charles Bryan Racer / Jason Wixom / Blake Arcuri / Craig Frosch / Laura Cannizzaro Rodrigue / Steven Oxenhandler / Joshua Dara, Jr. / Morgan Young

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ANTONIO HARRIS                          CIVIL ACTION NO.: 3:21-CV-01332

VERSUS                                  JUDGE TERRY A. DOUGHTY

JACOB BROWN, ET AL                      MAG. JUDGE KAYLA D. MCCLUSKY

RESPONSES TO PLAINTIFF'S
REQUESTS FOR ADMISSIONS BY GEORGE HARPER

NOW, through undersigned counsel, comes Defendant, GEORGE HARPER, who in response to Requests for Admissions with respect represents the following:

## I. OBJECTION

Counsel for George Harper received Discovery directed to Defendants, Dakota Moss, Jacob Brown and George Harper on April 2, 2026. The Discovery Requests included Requests for Admissions Nos. 1-17, Interrogatories Nos. 1-26, and Requests for Production Nos. 1-30.

The February 3, 2026 Scheduling Order set out the following:

## 4. DISCOVERY COMPLETION AND DISCOVERY MOTIONS

**April 27, 2026**          To allow time for responses, written discovery
(135 days before PTC)       must be served more than thirty (30) days before
                            the deadline. Motions to compel must be filed by
                            this date.

Based upon the above, the discovery received by counsel for Harper on April 2, 2026, was untimely. Thus, objection is made and no responses to the Interrogatories and Requests for Production will be provided. In light of FRCP Rule 36(a)(3), the taking of Harper's deposition on April 15, 2026 and in the spirit of cooperation in discovery, the Requests for Admissions will be answered; however, in doing so, Harper does not waive his objections to the Interrogatories and Requests for Production of Documents.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny that Mr. Harris exited his vehicle, lay prone, extended his arms away from his body, spread his legs, and surrendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

It is admitted that Mr. Harris exited his vehicle. All other matters set out in Request for Admission No. 1 are denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny that Mr. Harris surrendered, he did not strike, kick, head-butt, threaten, or attempt to flee on foot.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

It is denied that Mr. Harris surrendered. It is admitted that Mr. Harris did not strike, kick, head-butt or threaten Harper. All other matters set out in Request for Admission No. 2 are denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that Trooper DeMoss struck Mr. Harris with a knee and open hand after Mr. Harris surrendered.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant has no personal knowledge as to the actions of Trooper DeMoss. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that Trooper DeMoss powered his body camera off during the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant has no personal knowledge as to the actions of Trooper DeMoss. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit or deny that Trooper Harper used a handheld flashlight as an impact weapon on Mr. Harris' head.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that Trooper Harper intentionally flipped his body camera so that it did not record video of his interaction with Mr. Harris.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that Trooper Brown pulled Mr. Harris' hair and applied downward force to Mr. Harris' head and back while Mr. Harris was on the ground.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant has no personal knowledge as to the actions of Trooper Brown. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that none of the State Police Defendants rendered medical aid to Mr Harris at the scene.

Page 3 of 7

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant has no personal knowledge as to the actions of the State Police Defendants. Thus, Defendant cannot admit or deny. However, Defendant admits he did not render medical aid to Mr. Harris at the scene.

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that the LSP Use of Force report for the Incident left unanswered whether the Incident was captured on any department video camera system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant has no personal knowledge of the contents of a Use of Force report. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that investigators later identified at least nine separate recordings related to the Incident, including both body worn and in car recordings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant has no personal knowledge of at least "nine separate recordings" related to the Incident. Thus, Defendant cannot admit or deny. Defendant admits that there was video from Defendant's body worn camera and his in-car camera.

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that State Police personnel exchanged text or mobile data terminal messages about the beating of Mr. Harris after transport to jail.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

It is admitted that there were mobile data terminal messages exchanged after Mr. Harris was in jail. All other matters set out in Request for Admission No. 11 are denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny the authenticity of the mobile data terminal thread quoted by investigators that includes statements such as "still digesting that ass whoopin," "he gonna be sore tomorrow for sure," and "warms my heart".

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant has no recollection of the mobile data terminal thread quoted by investigators. Thus, Defendant cannot admit or deny the specific content of the statements. It is further admitted that the mobile data terminal thread is in writing and is the best evidence of its contents. It is also admitted that the mobile data terminal thread contained "locker room talk".

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that the arrest report did not disclose that video evidence existed of the Incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant has no personal knowledge that the arrest report did not disclose that video evidence existed of the Incident. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that Mississippi did not seek extradition on the purported warrants that were cited at the stop.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant has no personal knowledge of Mississippi not seeking extradition on the purported warrants. Thus, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that the body worn and in car videos that exist depict Mr. Harris surrendering.

Page 5 of 7

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Denied.

## REQUEST FOR ADMISSION NO. 16:

Admit or deny that you have a duty to preserve all documents and ESI related to the Incident.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Denied.

## REQUEST FOR ADMISSION NO. 17:

Admit or deny that no responsive ESI or video evidence has been deleted, overwritten, or lost

since the duty to preserve arose.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Defendant has no personal knowledge of any ESI or video evidence being deleted, overwritten, or lost. Thus, Defendant cannot admit or deny.

Respectfully submitted:

PROVOSTY, SADLER, & deLAUNAY, APC

By:_____

H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318/767-3133   F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318/767-3118   F: 318/767-9619
4615 Parliament Dr., Suite 200 (71303)
P.O. Box 13530
Alexandria, LA 71315-3530
ATTORNEYS FOR DEFENDANT,
GEORGE HARPER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS BY GEORGE HARPER has this day been served upon counsel for all parties hereto VIA E-mail and/or U.S. Regular Mail on this 27th day of April, 2026.

OF COUNSEL