**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ANTONIO HARRIS** | **CASE NO. 3:21-CV-01332**

**VERSUS** | **JUDGE TERRY A. DOUGHTY**

**JACOB BROWN ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Plaintiff, Antonio Harris, ("Plaintiff") brought claims against Gary Gilley ("Defendant") in his individual capacity, and in his official capacity as Sheriff of Richland Parish Sheriff's Office. Plaintiff brought a claim "for the deprivation of Antonio Harris of appropriate necessary medical treatment and for the infliction of cruel and unusual punishment and for its unconstitutional policies, customs, and/or practices."[1] Plaintiff also brought a claim against Defendant in his individual capacity for false imprisonment.[2]

During the pendency of this litigation, Defendant passed away.[3] Defendant's attorney acknowledged Defendant's death and certified service of the notification of death "upon all participants."[4] This constitutes a statement noting death and service of the statement for purposes of FED. R. CIV. P. 25(a). That rule further specifies that if a party is not substituted "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P.

---

[1] [Doc. No. 44, ¶ 2].
[2] [Id. at ¶¶ 34–36].
[3] [Doc. No. 121, p. 1].
[4] [Id. at p. 2].

25(a)(1). The filing acknowledging Defendant's death was filed more than 90 days ago. Accordingly, Plaintiff's claims against Defendant in his individual capacity must be dismissed. Plaintiff's claims against Defendant in his official capacity remain, as Defendant's successor is automatically substituted. FED. R. CIV. P. 25(d).

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff Antonio Harris's claims against Defendant Gary Gilley in his individual capacity are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 26th day of October, 2026.

Terry A. Doughty
United States District Judge